UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:10-CR-00041-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| RICHARD DAVID STEWART | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission amends the applicable Sentencing Guideline range. Defendant suggests that he was sentenced under the wrong version of the Guidelines and that he should have been sentenced under the amended version of the applicable Guidelines. (See Mot. at 3, 5.)

To understand what the court interprets as defendant's argument, an understanding of the procedural history of the this case is necessary. By way of indictment filed on 12 May 2010, defendant was charged with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) on 17 February 2010. On 2 August 2010, defendant pled guilty to this charge. Pursuant to the terms of his plea agreement, defendant agreed that he was subject to a mandatory minimum term of imprisonment of 10 years. (Pl. Agree., DE # 37, at 4.)

On 3 August 2010, the Fair Sentencing Act of 2010 ("FSA") became effective. The FSA increased the amounts of cocaine base necessary to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b)(1). In response to the Act, the Sentencing Commission promulgated

emergency amendments to the Guidelines, effective 1 November 2010. See U.S.S.G. § 2D1.1 (Nov. 1, 2010 Supp.).

On 6 December 2010, the court sentenced defendant. As noted in defendant's Presentence Report ("PSR"), the 2010 edition of the Sentencing Guideline Manual was used. (PSR at 7.) When calculating defendant's offense level, the emergency amendment to U.S.S.G. § 2D1.1, promulgated pursuant to the FSA, was applied to defendant to lower the base offense level. (See id. ¶ 34.) With the Guidelines, defendant's imprisonment range would have been 87 to 108 months. (Id. at 8.) However, at the time defendant committed the offense, 21 U.S.C. § 841(b)(1)(A)'s applicable mandatory minimum term of imprisonment was ten years. (Id. ¶¶ 45, 46.) Defense counsel raised an objection to the conclusion in the PSR that ten years' imprisonment was the mandatory minimum. He asserted that the current version of § 841(b)(1)(A), as amended pursuant to the FSA, applied to defendant and the mandatory minimum term of imprisonment was actually five years. The court overruled that objection and sentenced defendant to imprisonment for ten years.

In essence, defendant's motion rests on the court's failure to apply the current version of § 841(b)(1)(A)'s mandatory minimum, as amended by the FSA. The court cannot lower a defendant's sentence on this basis under 18 U.S.C. § 3582(c)(2).[1] As recognized previously, that statute permits the court to modify a sentence when the Sentencing Commission subsequently amends the applicable guideline range. Here, at the time of defendant's sentencing, the court applied the Guidelines in effect. The court took into account the guideline range, with the

---

[1] Defendant also relies on Fed. R. Civ. P. 60(b) in support of his motion. This rule does not provide a basis for altering or amending a criminal judgment. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case." (citation omitted)).

2

amendment pursuant to the FSA, but that range did not apply as the statutory mandatory minimum term of imprisonment (the one in effect prior to the FSA) mandated a higher term of imprisonment. Because an amendment to the Guidelines has no effect on defendant's mandatory minimum term of imprisonment, the court cannot modify defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

The motion is DENIED.

This 17 June 2011.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge